**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CATHERINE LONDON,

        Plaintiff,

  v.

AURORA LOAN SERVICES; GREENPOINT MORTGAGE FUNDING; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOES 1-25,

        Defendants.

_____/

No. C-10-02789 EDL

**ORDER GRANTING WITH LEAVE TO AMEND DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT**

On May 18, 2010, Plaintiff Catherine London filed a complaint in Alameda County Superior Court against Defendants Aurora Loan Services ("Aurora"), Greenpoint Mortgage Funding ("Greenpoint"), Mortgage Electronic Registration Systems Inc. ("MERS") and Does 1-25 alleging breach of contract, fraud, and violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Defendants Aurora and MERS filed a notice of removal to federal court on June 24, 2010 based on federal question and supplemental jurisdiction.  On July 1, 2010, Defendants Aurora and MERS filed a motion to dismiss.

On July 22, 2010, Plaintiff filed a corrected first amended complaint against Defendants. Plaintiff alleges claims for breach of contract and fraud against all defendants, and violation of the FDCPA against Aurora and other servicers employed after the loan went into default, identified as Doe 6-10.  Defendants Aurora and MERS filed a motion to dismiss the corrected first amended complaint.  All parties stipulated that Defendant Greenpoint join Aurora and MERS in their motion to dismiss.  Defendants seek dismissal of Plaintiff's complaint for failure to state a claim.  In support

of their motion to dismiss, Defendants also filed a request for judicial notice.[1]  Plaintiff filed an

opposition to this motion to dismiss, and Defendants filed a reply in support of their motion.  On

September 21, 2010, the Court held a hearing on Defendants' motion.  For the reasons stated at the

hearing and in this order, Defendants' motion is granted with leave to amend.

**Facts**

Plaintiff currently lives at 6074 Allbrook Circle, Pleasanton, California 94588, ("the

property"), which is the subject of this dispute. Corrected First Amended Complaint ("FAC") ¶ 1.

Plaintiff refinanced the property in June of 2007, procuring a mortgage loan with Greenpoint as the

new lender and MERS as the Nominee Beneficiary. FAC ¶ 3.  Plaintiff alleges that currently she "is

uncertain of the new owner of the underlying note she signed" and did not "ever receive a notice that

Greenpoint had sold the note to [Aurora]."  Id.  However, at some time prior to May 11, 2009,

Aurora allegedly told Plaintiff "that it was the new servicing agent" for her loan. Id.  On May 11,

2009, Plaintiff alleges that Aurora and Plaintiff agreed on new terms in a "Repayment Agreement"

for the note and deed of trust.  See FAC, Ex. B.  At the time of the Repayment Agreement, Plaintiff

was over $11,000.00 in arrears for missed payments beginning in February of 2009. Id.

The Repayment Agreement required Plaintiff to pay $1,779.31 on or before the first of June,

July and August, with the fourth payment being a balloon payment of $16,795.38 due on September

1, 2009. Id.  Pursuant to this agreement, Plaintiff alleges that she made all of her payments, "except

for payment of the balloon payment of $16,795.38 due September 1, 2009." FAC ¶ 4.  Plaintiff

asserts that she was excused from making the fourth balloon payment by an August 25, 2009 letter

repudiating the Repayment Agreement from Aurora. Id.  However,  Plaintiff's original complaint

---

[1] Defendants request judicial notice of a copy of the Deed of Trust naming Plaintiff as trustor, which was recorded by the Alameda County Recorder's Office on June 8, 2007. See Defs.' Req. Ex. A. When considering a motion to dismiss, a court does not normally look beyond the complaint in order to avoid converting a motion to dismiss into a motion for summary judgment. See Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986) overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104 (1991).  The two exceptions to this rule are: 1) the court may properly take judicial notice of material which is included as part of the complaint or relied upon by the complaint; and 2) the court may properly take judicial notice of matters in the public record. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

Here, Defendants request judicial notice of a document publicly filed with the Alameda County Recorder's Office.  Plaintiff does not challenge the authenticity of this document submitted by Defendants.  Therefore, the Court takes judicial notice of the Deed of Trust.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  included copies of Plaintiff's checks as exhibits, showing a fourth payment of $1,779.31 to Aurora

2  dated August 22, 2009. Compl. Ex. B.  The timing of the deficient fourth payment, paid on August

3  22, 2009, is inconsistent with Plaintiff's allegation that the fourth balloon payment was excused by

4  an August 25, 2009 letter of repudiation from Aurora.  Later in Plaintiff's corrected first amended

5  complaint, Plaintiff alleges that she "made all her payments in a timely fashion" until Aurora's

6  repudiation in the August 25, 2009 letter.  FAC ¶ 20. Plaintiff alleges that she received this letter

7  "shortly after sending the August 22, 2009 payment." Id.

8       In her corrected first amended complaint, Plaintiff asserts that a notice of default against the

9  property has been improperly recorded. FAC ¶ 23.  However, in her opposition and at the hearing,

10  Plaintiff conceded that no notice of default has been recorded at this time. Pl.'s Opp. at 14.

11  **Legal Standard**

12       In order to survive a motion to dismiss, a complaint must contain "sufficient factual matter . . .

13  to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing

14  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)).  A reviewing court must limit its

15  inquiry to "the allegations in the complaint, which are accepted as true and construed in the light

16  most favorable to the plaintiff." Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

17  The reviewing court does not have to accept as true the complaint's "legal conclusions." Iqbal, 129

18  S. Ct. At 1949.  "While legal conclusions can provide the framework of a complaint, they must be

19  supported by factual allegations." Id. at 1950.  Pleadings which are mere legal conclusions "are not

20  entitled to the assumption of truth." Id.

21       A court must examine the complaint's factual allegations to determine if they "plausibly give

22  rise to an entitlement of relief." Id.  While the plausibility requirement is distinct from the

23  probability requirement, a complaint's factual allegations must allow "the court to infer more than

24  the mere possibility of misconduct . . ." in order to survive a motion to dismiss. Id. at 1949 & 1950.

25  To state an adequate claim for relief, plaintiffs must "nudge[] their claims across the line from

26  conceivable to plausible." Twombly, 550 U.S. at 570.

27

28

**Discussion**

**1.    Dismissal of claims against MERS**

Defendant MERS seeks dismissal on the grounds that Plaintiff has not made any allegations against MERS.  At the hearing, Plaintiff confirmed that she had no allegations against MERS. Therefore, to the extent that claims have been alleged against MERS, those claims are dismissed without leave to amend.

**2.    First claim for breach of contract against all defendants**

Plaintiff alleges that Defendant Aurora breached the May 11, 2009 Repayment Agreement. FAC ¶ 8.  Plaintiff alleges that Aurora committed this breach by: 1) taking "the first payments from plaintiff and then [advising] plaintiff that it was repudiating the agreement;" and 2) failing "to remove the default status for said obligation, despite the fact that the arrearage was cured prior to repudiation by Aurora." Id.  Plaintiff states that the breach of contract by Aurora has caused "substantial damages," including the potential loss of property, attorney's fees, and the inability to refinance. FAC ¶ 9.

In order to state a breach of contract claim, a plaintiff must plead the following elements: "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant, and damages." First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001).  Plaintiff claims that her performance (payment of the fourth "balloon payment") was excused by a letter of repudiation from Aurora dated August 25, 2009.  Plaintiff has not submitted a copy of the alleged repudiation letter, but stated at the hearing that she could attach it to an amended complaint.

Plaintiff's excuse for nonperformance is unclear because in her original complaint, Plaintiff attached a check showing a fourth payment to Aurora dated August 22, 2009, for $1,779.31, while the Repayment Agreement required a fourth payment of $16,795.38, on or before September 1, 2009.  Plaintiff also alleges that the repudiation letter was dated August 25, 2009, which was after she made the fourth payment.  Thus, it appears that the repudiation letter would not have excused her nonperformance.  Additionally, Plaintiff has failed to allege any actual damages as a consequence of the alleged breach by Aurora.  Therefore, Plaintiff has not adequately stated a claim

**United States District Court**
For the Northern District of California

1    for breach of contract.

2          The breach of contract claim against Greenpoint and Aurora is dismissed with leave to amend.

3    As stated at the hearing, if Plaintiff amends this claim, she should attach the August 25, 2009 letter

4    of repudiation from Aurora, and explain the circumstances surrounding the fourth payment,

5    consistent with her obligations under Rule 11.

6          As part of Plaintiff's breach of contract claim, she alleges that Aurora and Greenpoint breached

7    the implied covenant of good faith and fair dealing, by "refusing to accurately assess the financial

8    options available to plaintiff to avoid foreclosure" as required by California Civil Code § 2923.5.

9    FAC ¶ 8.  California Civil Code § 2923.5(a)(1) states that "A mortgagee, [etc.] may not file a notice

10   of default pursuant to Section 2924 until 30 days after initial contact is made as required by

11   paragraph (2) or 30 days after satisfying the due diligence requirements . . . ." Cal. Civ. Code §

12   2923.5(a)(1).  Paragraph (2) also specifies the type of initial contact that is required (including

13   exploring options to avoid foreclosure) before filing the notice of default. <u>See</u> Cal. Civ. Code §

14   2923.5(a)(2).

15         Here, it is implausible that Aurora and Greenpoint failed to "accurately assess the financial

16   options available to plaintiff to avoid foreclosure" under the notice requirement of § 2923.5(a)(2)

17   because that notice is required 30 days before filing a notice of default.  As Plaintiff has conceded,

18   no notice of default has been filed.  Therefore, Plaintiff has not adequately stated a claim for breach

19   of the implied covenant of good faith and fair dealing in her corrected first amended complaint, and

20   this claim is dismissed with leave to amend.  At the hearing, Plaintiff argued that she still has a

21   breach of the implied covenant of good faith and fair dealing claim even though a notice of default

22   has not been recorded.  If Plaintiff has another theory for why Aurora and Greenpoint have breached

23   the implied covenant of good faith and fair dealing, she may raise it in an amended complaint,

24   consistent with her obligations under Rule 11.

25   **3.      Second claim for fraud against all defendants**

26         In order to plead a claim for fraud, Plaintiff must comply with the requirements of Rule 9(b):

27   "[i]n averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated

28   with particularity." Fed. R. Civ. P. 9(b); <u>Vess v. Ciba-Geigy, Inc.</u>, 317 F.3d 1097, 1106 (9th Cir.

1   1997) ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting

2   the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so

3   that they can defend against the charge and not just deny that they have done anything wrong.'

4   Allegations of fraud must include 'the who, what, when, where, and how' of the charged

5   misconduct") (internal citations omitted).

6          Plaintiff argues that Defendant Aurora fraudulently induced her to accept the Repayment

7   Agreement instead of a refinancing option, never intending to honor the agreement and failing to

8   credit her for timely payments. FAC ¶ 12.  Plaintiff also asserts that she was lied to by an Aurora

9   employee, who in explaining the Repayment Agreement, stated that modification would be granted

10  by Aurora if the required payments were made. FAC ¶ 13.  Plaintiff argues that her reliance was

11  reasonable, and alleges damages including emotional distress from the fear of eviction, attorney's

12  fees, statutory damages, and general damages.  FAC ¶¶ 14, 15.  Plaintiff also requests punitive and

13  exemplary damages for Defendants' malicious conduct. FAC ¶ 15.

14         As stated at the hearing, Plaintiff has not stated her claim of fraud with particularity.

15  Therefore, Plaintiff's claim for fraud against Greenpoint and Aurora is dismissed with leave to

16  amend, consistent with her obligations under Rule 11.

17  **4.     Third claim under the FDCPA against Aurora and Doe 6-10**

18         The standard for making an FDCPA claim requires that defendant be a debt collector, since

19  plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from a

20  consumer debt, (2) the defendant collecting the 'debt' is a 'debt collector' as defined in the Act, and

21  (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements

22  of the act." Yrok Gee Au Chan v. North American Collectors, Inc., 2006 WL 778642, at *3 (N.D.

23  Cal. March 24, 2006).  The FDCPA's definition of "debt collector" exempts loan servicing

24  companies, as long as the loan was not in default when it was assigned. See 15 USC §

25  1692a(6)(F)(iii) ("The term [debt collector] does not include . . . any person collecting or attempting

26  to collect any debt . . . not in default at the time it was obtained by such person") (amended by PL

27  111-203, July 21, 2010, 124 Stat. 1376., but quoted text has not changed); Odinma v. Aurora Loan

28  Services, 2010 WL 2232169 at *12 (N.D. Cal. June 3, 2010)  ("mortgagees and their assignees,

**United States District Court**
For the Northern District of California

1   including mortgage servicing companies, are not debt collectors under the FDCPA when the debts

2   were not in default when taken for servicing . . . In addition, numerous district courts, including

3   several in the Ninth Circuit, have also held that 'the activity of foreclosing on [a] property pursuant

4   to a deed of trust is not collection of a debt within the meaning of the FDCPA'") (citing Hulse v.

5   Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)); Distor v. U.S. Bank, N.A., 2009 WL

6   3429700, at *6 (N.D. Cal. Oct. 22, 2009) (Illston, J.) ("a debt collector does not include the

7   consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as it was not

8   in default at the time it was assigned") (internal quotations omitted; citation omitted); Caballero v.

9   Ocwen Loan Servicing, 2009 WL 1528128, at *1 (N.D. Cal. May 29, 2009) ("Defendant [] is a 'loan

10  servicer.' Therefore it is not a 'debt collector' and no claim can be stated against it under the

11  FDCPA"). Here, because Aurora is a loan servicer, it is not a debt collector under the FDCPA

12  unless it acquired the loan after default, which would disqualify Aurora for the § 1692a(6)(F)(iii)

13  exemption.

14          Plaintiff alleges that the FDCPA applies because "Aurora and Doe 6-10 are debt collectors as

15  that term is defined in the  [FDCPA]" and "[i]n particular, said companies became servicers of the

16  obligation after plaintiff went into default on the obligation." FAC ¶ 17.  These allegations are key,

17  since Plaintiff therefore concludes that "the exemption of servicers in 15 USC § 1692a(6)(F)(iii) is

18  inapplicable." Id.

19          Defendants point to a July 13, 2007 letter to Plaintiff from Aurora, stating that Greenpoint

20  assigned the loan to Aurora. Defs.' Mot. Ex. A.  The letter states that as of August 1, 2007, all

21  payments were to be sent directly to Aurora. Id.  This letter was sent well before Plaintiff fell into

22  arrears on her loan in February of 2009. See FAC Ex. B.  Plaintiff stated at the hearing that she did

23  not know if she disputed the July 13, 2007 letter, which supports application of the FDCPA

24  exemption.  Therefore, Plaintiff has failed to state a claim for relief under the FDCPA.  Plaintiff's

25  FDCPA claim is dismissed with leave to amend on the factual issue as to when Aurora became the

26  loan servicer, not on the legal issue of whether a loan servicer is a debt collector.  The Court

27  cautions Plaintiff that she must comply with Rule 11 in amending her complaint.

28

**5.    Wrongful foreclosure claim**

Under the heading of  "Wrongful Foreclosure," Plaintiff alleges that a notice of default was improperly recorded. FAC ¶ 23.  In her opposition and at the hearing, Plaintiff retracted her claim that a notice of default was filed.  To the extent that Plaintiff has made a separate claim for wrongful foreclosure against Auorora, this claim is dismissed with leave to amend.

**IT IS SO ORDERED.**

Dated: September 24, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge